**LANCASTER et al. v. CARROLL.**

(No. 2118.)

(Court of Civil Appeals of Texas. Texarkana. April 22, 1919. Rehearing Denied May 1, 1919.)

**1. MASTER AND SERVANT ⬦⟺110—DEATH OF LOCOMOTIVE ENGINEER—FEDERAL STATUTES.**

Under U. S. Comp. St. § 8631, making it unlawful to use a locomotive in moving interstate traffic unless the boiler and appurtenances are in proper condition, the receivers of a railroad are liable to the widow of an engineer killed by a boiler explosion due to defect in the bolts and stays designed to sustain the crown sheet.

**2. MASTER AND SERVANT ⬦⟺276(5)—INJURIES TO SERVANT—CAUSE OF EXPLOSION—SUFFICIENCY OF EVIDENCE.**

In action for death of a locomotive engineer from a boiler explosion, evidence *held* to sustain finding that the explosion was due to defect in the bolts and stays designed to sustain the crown sheet of the boiler not to lack of water.

**3. DEATH ⬦⟺99(4) — DAMAGES — EXCESSIVE VERDICT—ALLOWANCE TO SURVIVING WIFE.**

Verdict awarding a locomotive engineer's widow $2,500 for suffering endured by him while alive after injuries in a boiler explosion and $15,000 for his death *held* not excessive.

Appeal from District Court, Van Zandt County.

Action by Mrs. Minnie Carroll, administratrix of O. C. Carroll, deceased, against J. L. Lancaster and Pearl Wight, receivers of the Texas & Pacific Railway Company. From judgment for plaintiff, defendants appeal. Affirmed.

In May, 1917, appellants, as receivers of the Texas & Pacific Railway Company, were common carriers engaged in interstate commerce. O. C. Carroll was employed by them in such commerce as a locomotive engineer. Between 4 and 5 o'clock of the morning of the 5th day of said month, said Carroll, while so employed, was so injured by the explosion of the boiler of his engine that he died about 7:30 o'clock of the evening of that day. On the theory that the use of the locomotive was a violation of the federal statute (U. S. Compiled Statutes, § 8631 et seq.), which rendered appellants liable in damages for the injury to and death of said O. C. Carroll, appellee, his widow, having qualified as administratrix of his estate, brought this suit and recovered judgment against appellants for her own use and benefit and the use and benefit of the two minor children of her marriage with said O. C. Carroll, in the sum of $2,500 for suffering endured by said O. C. Carroll while alive, because of the injury he sustained, and in the sum of $15,000 for his death. The judgment was predicated on findings of a jury, on special issues submitted to them, as follows: (1)

That the bolts or stays designed to sustain the crown sheet of the boiler were "weak or insecure to such an extent as to render the locomotive or its boiler unsafe to operate." (2) Such weakness or insecurity of said bolts or stays "directly and proximately caused or directly and proximately contributed to cause the explosion of the boiler." (3) The water in the boiler "just before and at the time of the explosion was sufficient in amount for the safety of the boiler and its crown sheet." (4) The pecuniary loss to appellee and her children because of the death of O. C. Carroll was $15,000. (5) "Fair and reasonable compensation" on account of suffering endured by O. C. Carroll before he died because of the injury he sustained was the sum of $2,500.

Prendergast & Prendergast, of Marshall, J. A. Germany, of Wichita Falls, and Wynne, Wynne & Gilmore, of Wills Point, for appellants.

Johnson & Edwards, of Tyler, and Stanford & Sanders, of Canton, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In view of the federal statute (U. S. Compiled Statutes, § 8631) declaring it to be unlawful for any common carrier engaged in interstate commerce "to use any locomotive engine propelled by steam power in moving interstate or foreign traffic unless the boiler of said locomotive and appurtenances thereof are in proper condition and safe to operate in the service to which the same is put," it reasonably could not be, and is not, contended that appellants were not liable to appellee, if it was true, as the jury found it was, that the explosion of the boiler was due to defects in the bolts or stays designed to sustain the crown sheet thereof; for, plainly, appellants were guilty of negligence if they used a locomotive equipped with such a boiler while engaged in interstate traffic as common carriers.

[2] Therefore the principal controversy at the trial was one as to whether the giving way of the crown sheet of the boiler was proximately caused by defects for which appellants were responsible, or by a lack of sufficient water in the boiler to cover it for which said O. C. Carroll might have been responsible.

Appellants' contentions with reference to this phase of the case were and are: (1) That there was no testimony which warranted the jury in finding that the bolts and stays of the crown sheet were "weak or insecure." (2) That, if there was such testimony, there was no testimony which warranted the finding that the defects in the bolts and stays were a proximate cause of the explosion. The contentions will be overruled; for, as we view the record, there

was testimony to support each of the findings.

It seems to have been accepted as a fact by both the parties to the controversy that the giving way of the crown sheet was not due to a lack of sufficient water in the boiler if there was water enough therein to completely cover said crown sheet. The testimony was conflicting as to whether there was that much water in the boiler or not, but we think a preponderance thereof supported appellee's contention and the finding of the jury that there was. Therefore the case should be viewed as one in which it appeared that the explosion was not due to a lack of sufficient water in the boiler. Stokes, Hunter, and Jenkins, witnesses for appellants, testifying as experts, agreed that if that was true it (the explosion) should be attributed to "defects of material or broken bolts" in the boiler. The finding of the jury that it was due to "weak and insecure" bolts or stays, we think, was warranted by that testimony and testimony showing the locomotive to have been an old one; that, when inspected about a month before the explosion occurred, 10 of the stay bolts of the boiler were found to be broken and were then renewed; that after the explosion 13 stays and 7 bolts of the boiler were found to be broken; and that it could not be definitely determined whether same were broken before the explosion or by it. We think the jury had a right to infer from this testimony that the stays and bolts were "weak or insecure," and that, because they were, the crown sheet gave way and caused the explosion.

[3] It is insisted that the verdict was excessive in amount. We do not find anything in the record which we think warrants us in saying so. Therefore the contention is overruled.

The judgment is affirmed.